**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TECHNICAL RESOURCE SERVICES, INC., ET AL** | **CIVIL ACTION** |
| **VERSUS** | **No. 09-7339** |
| **SHELL EXPLORATION & PRODUCTION COMPANY, ET AL** | **SECTION "B" (4)** |

**ORDER AND REASONS**

Before the Court is Plaintiffs Technical Resource Services, Inc and Onsite Training, Inc.'s ("Plaintiffs") Motion to Remand (Rec. Doc. No. 22). Shell Exploration and Production Company, Paul E. Mendel, and Steven D. Summers ("Defendants") filed a Memorandum in Opposition to said motion (Rec. Doc. No. 25). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that the Motion to Remand is hereby **DENIED**.

**BACKGROUND**

This case arises from a business decision by Shell Exploration & Production Company ("SEPCO") in connection with administration of Helicopter Underwater Egress training ("HUET") to SEPCO's employees, contractors, and others. In their petition for damages, Plaintiffs, as entities which formerly provided HUET services to SEPCO, claim that, on or about early 2006, they invested substantial time and funds in complying with SEPCO's requirements for its HUET providers. Several years later, in 2009, SEPCO made a business decision that it would provide much of any required HUET

1

training itself and would otherwise limit the number of HUET providers with which it contracts to provide such training. Plaintiffs allege that this decision by SEPCO caused them to incur monetary damages, because they have been unable to recapture their investment.

Plaintiffs filed suit in the Orleans Parish Civil District Court seeking to recover monetary damages under various theories of recovery, including, *inter alia*, negligent misrepresentation and detrimental reliance. Plaintiffs further sought damages for SEPCO's alleged violation of various antitrust laws. In addition to SEPCO, a foreign corporation, Plaintiffs named Mendel and Summers, both Louisiana residents, as individual defendants.

Defendant's joined together to timely remove this action to this Court asserting diversity jurisdiction under 28 U.S.C Section 1332. Although the individual defendants, Mendel and Summers, like plaintiffs, are all citizens of Louisiana, defendants assert in their Notice of Removal that the citizenship of those defendants were improperly joined for the purpose of defeating federal jurisdiction. The defendants assert that there is complete diversity of citizenship among the properly joined defendants and that they therefore satisfied the requirements for removal. Plaintiffs timely filed a motion to remand the case to state court, alleging that this Court lacks subject matter jurisdiction under 28 U.S.C Section 1332.

## A. Removal and Diversity Jurisdiction

"Federal courts are courts of limited jurisdiction. We must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.,* 243 F .3d 912, 916 (5th Cir.2001). The removal statute provides in pertinent part:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b).

In cases which are removed based on diversity, it is axiomatic that no defendant may be a citizen of the forum state. 28 U.S.C. § 1441(b); *Caterpillar Inc. v. Lewis,* 117 S.Ct. 467, 469, 473 (1996). Thus, when there is a single defendant who is a citizen of the forum state present, removal on the basis of diversity jurisdiction is barred. *Id.* Similarly, in a case with multiple

plaintiffs and/or multiple defendants, complete diversity is required. *Id.; Exxon v. Allapattah*, 545 U.S. 546, 125 S.Ct. 2611, 2617 (2005). Moreover, in diversity cases, a single non-diverse party "destroys original jurisdiction with respect to all claims" in the action. *Id.* at 2618. An exception to the rule of complete diversity applies when a non-diverse defendant is improperly joined in order to defeat the court's diversity jurisdiction.

**B. Improper or Fraudulent Joinder**

As the party invoking the court's jurisdiction, Defendants bears the burden of establishing federal subject matter jurisdiction. *Dodson v. Spiliada Maritime Corp.,* 951 F.2d 40, 42 (5th Cir.1992). The Fifth Circuit has recognized two ways for the removing party to establish improper or fraudulent joinder: "actual fraud in the pleading of jurisdictional facts," or an "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Central Railroad Company,* 385 F.3d 568, 573 (5th Cir.2004) *(en banc) citing Travis v. Irby,* 326 F.3d 644 (5th Cir.2003) *citing Griggs v. State Farm Lloyds,* 181 F.3d 694, 698 (5th Cir.1999). In the present case, only the second test is pertinent. The removing party's burden of proving improper joinder is "heavy." *Smallwood,* 385 F.3d at 574. In applying this test, ordinarily courts conduct a Rule 12(b)(6) type analysis looking at the allegations of the state court complaint to determine whether under state law the complaint

states a claim against the defendant. *Larroquette v. Cardinal Health 200, Inc., et al,* 466 F.3d 373, 376 (5th Cir. 2006).

Under this type of an analysis, the issue is not whether the court believes the Plaintiff is unlikely to prevail on the merits (*Larroquette, supra at* 378), or that it seems almost a certainty to the Court that plaintiff cannot prove the alleged facts to support the claim. It is well settled that "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Larroquette, supra 378, quoting Conley v. Gibson*, 355 U.S. 41, 45-46, (1957).

Here, plaintiffs in their motion to remand have attempted to expand the allegations in the petition by adding phrases post removal, such as "whether personally or on behalf of SEPCO" and specifically alleging that Mendel and Summers "individually and personally [made] false statements" to plaintiffs. (Rec. Doc. No. 22, p. 2).

Louisiana Civil Code article 3016 establishes that, in an agency relationship, a disclosed mandatary who acts in the name of a disclosed principal, and within the scope of his authority to act, does not incur personal liability to third parties. La. Civ. Code art. 3016.

In *Reis v. Morgan Stanley Dean Witter, Inc.*, plaintiff brought suit against Morgan Stanley and several of its employees for

damages allegedly resulting from the employees' actions. *Riess,* No. 01-2256, 2001 U.S. Dist. LEXIS 17227 (E.D. La. October 15, 2001). After defendants removed the action to federal court, alleging fraudulent joinder of the individual employees, the plaintiff filed a motion to remand. *Id.* at **2-3. The court noted that the petition contained no allegations that the employees "personally bound themselves, or acted with respect to plaintiffs other than as agents or representatives of" the corporate defendant. *Id.* at **8-9. Further, the plaintiffs had not alleged that the employees had "exceeded their authority as employees or representatives of" the corporate defendant. *Id.* Accordingly, the court denied the motion to remand and dismissed the individual employees from the matter. *Id.* at *12.

Plaintiffs further allege that Mendel and Summers contributed to their loss and that the allegations in the petition are sufficient to sustain a cause of action against them individually, under the "exception to the general rule" in *Canter v. Koehring Co.,* 283 So.2d 716 (La. 1973).

As established in *Canter*, Louisiana courts hold an individual employee liable to a third party when four criteria are satisfied:

    (1) the employer owes the plaintiff a duty of care;

    (2) the employer delegates that duty to the employee;

    (3) the employee, through personal fault, breaches that duty; and

(4) the employee has a personal duty towards plaintiff and a breach of that duty caused the plaintiff's damages.

*Canter,* 283 So.2d at 721-22; *See also Ford v. Elsbury,* 32 F.3d 931, 935-36 (5th Cir. 1994). The Fifth Circuit interprets *Canter* and its progeny to require tortious conduct resulting in a physical injury to a plaintiff. *Unimobil 84 Inc. V. Spurney,* 797 F.2d 214, 217 (5th Cir. 1986)(stating that "*Canter* only applies to bodily injury claims and does not apply to claims arising in a commercial setting").

In this case, Plaintiffs have failed to meet the requirements described in *Canter.* The Fifth Circuit's ruling is clear. "Significantly, this court has held that *Canter* liability to third persons for negligence of corporate officers and employees may only be imposed for bodily injury claims. *Kling Realty Co., Inc. V. Chevron USA Inc.,* 575 F.3d 510, 2009 WL 1976027, at *3 (5th Cir. 2009). Because Plaintiffs in the present case do not allege any personal injury damage, they cannot state a claim against employee defendants under the theory of negligent misrepresentation, detrimental reliance, unfair trade practices and consumer law.

This Court therefore finds that defendants, Mendel and Summers, acted at all pertinent times as employees/agents of SEPCO. Under well-settled principles of the Louisiana law of mandate, Mendel and Summers cannot be held personally liable for acts performed within the scope of their agency relationship with SEPCO.

7

*See* La. Civ. Code arts. 3016, 3019, 2320; *Picquet v. Amoco Production Co.*, 513 F.Supp. 938, 939 (M.D. la. 1981). Further, under Louisiana law, employees and agents, such as Mendel and Summers, owe no duties to third parties and cannot be found liable to them for their negligent acts and omissions in a commercial context. *See Korson v. Independence Mall I, Ltd.*, 595 So.2d 1174,1178 (la. App. 5 Cir 1992). *Canter* does not provide a different result here based upon the allegations of the instant petition. According to the removed petition, it doesn't appear that Plaintiffs suffered physical injury as recquired by the Fifth Circuit's interpretation of *Canter* to achieve remand. Accordingly, the Court finds defendants, Mendel and Summers, were improperly joined. The court will retain jurisdiction over the remaining parties.

Plaintiff's Motion to Remand is **DENIED.**

New Orleans, Louisiana this 5th day of March, 2010.

_____
United States District Judge