```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**TECHNICAL RESOURCE**                               **CIVIL ACTION**
**SERVICES, INC., ET AL**

**VERSUS**                                           **NO. 09-7339**

**SHELL EXPLORATION &**                              **SECTION: B(4)**
**PRODUCTION COMPANY**

<u>ORDER AND REASONS</u>

Before the Court is Defendant Shell Exploration & Production Company's ("SEPCO") Motion to Dismiss (Rec. Doc. No. 53), Plaintiffs' Opposition (Rec. Doc. No. 58), and Defendant's Reply Memorandum (Rec. Doc. No. 61). For the following reasons, Defendant's Motion to Dismiss is hereby **DENIED.**

This case arises from action taken by SEPCO in connection with the administration of Helicopter Underwater Egress Training ("HUET") to its employees, contractors, and others. Plaintiffs, entities that formerly provided HUET services to SEPCO, allege that on or about early 2006, they invested substantial time and funds in complying with SEPCO's altered requirements for its HUET providers. Several years later, in 2009, Plaintiffs claim that SEPCO informed them that it would provide much of any required HUET training itself and would otherwise limit the number of HUET providers with which it contracts to provide such training. Plaintiffs allege that they suffered significant monetary damages as a result of SEPCO's actions and have asserted claims against SEPCO for

restraint of trade and attempted monopolization in violation of the Sherman Act and Louisiana antitrust laws and for detrimental reliance.

SEPCO contends that Plaintiffs have failed to state a claim upon which relief can be granted, and therefore pursuant to Federal Rule of Civil Procedure 12(b)(6), their claims should be dismissed with prejudice. Rec. Doc. No. 53-1, at 3. Specifically, SEPCO argues that Plaintiffs' restraint of trade claims under § 1 of the Sherman Act (Count I) and Louisiana Revised Statute § 51:122 (Count III) are not viable because Plaintiffs have failed to adequately plead that SEPCO engaged in a conspiracy, that SEPCO has market power in a "particular market" wherein the unreasonable restraint of trade occurred, and that SEPCO caused damage to competition in general and not merely to Plaintiffs themselves. *Id.* at 5-15. SEPCO further asserts that Plaintiffs' claims for attempted monopolization under § 2 of the Sherman Act (Count II) and Louisiana Revised Statute § 51:123 (Count IV) fail to sufficiently allege SEPCO's market power in a relevant market, SEPCO's specific intent to dominate the market for providing underwater survival services or any anticompetitive conduct on the part of SEPCO, and fail to set forth a viable leveraging claim. *Id.* at 15-21. Finally, SEPCO maintains that Plaintiffs' detrimental reliance claim should be dismissed, as Plaintiffs have not alleged that SEPCO made any promise to them that SEPCO would continue to accept

2

Plaintiffs as its HUET training providers if they were to comply with SEPCO's altered requirements. *Id.* at 21-24.

Plaintiffs note that the Magistrate Judge in this matter granted them leave to file their Amended Complaint, which is currently the subject of the instant motion, in light of SEPCO's opposition on grounds of futility. Rec. Doc. No. 58, at 2-3. As the standard for determining futility defined by the United States Fifth Circuit Court of Appeals and applied by the Magistrate Judge in this case is the same as that which applies under Federal Rule of Civil Procedure 12(b)(6), i.e., if the amended complaint would fail to state a claim upon which relief could be granted, Plaintiffs argue that this issue has already been decided. *Id.* at 3-4. Plaintiffs further refer to portions of the Magistrate Judge's opinion which reject the same arguments presently advanced by SEPCO, finding that Plaintiffs' Amended Complaint adequately sets forth plausible allegations in support of the claims asserted therein. *Id.* at 4-9.

In granting Plaintiff's Motion for Leave to File Amended Complaint, the Magistrate Judge correctly stated that "if the defendant can show that the proposed amended complaint would be subject to dismissal under F. R. Civ. P. 12(b)(6) for failure to state a claim on which relief could be granted, the motion for leave to amend should be denied as futile." Rec. Doc. No. 49, at 8 (citing *Chaffe McCall, LLP v. World Trade Ctr. of New Orleans*,

3

641 F. Supp. 2d 585, 597 (E.D.La. 2009) (Barbier, J.). The Magistrate Judge further noted that "[t]o determine futility, the Court applies the same standard as that applicable to a 12(b)(6) motion to dismiss." Rec. Doc. No. 49, at 8 (citing *Stevenson v. Standard Ins. Co.*, No. 06-67, 2006 WL 4029786, at *2 (E.D.La. 2006) (Barbier, J.). Indeed, the United States Fifth Circuit Court of Appeals has expressly adopted this standard, interpreting futility to mean that the complaint as amended would fail to state a claim upon which relief could be granted. *Stripling v. Jordan Production Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000); *see also Public Health Equipment and Supply Co., Inc. v. Clarke Mosquito Control Products, Inc.*, 2010 WL 5023234 (5th Cir. 2010).

The Magistrate Judge thoroughly analyzed the challenged Complaint according to this standard, devoting the majority of her twenty-two page opinion to the futility arguments advanced by SEPCO, and concluded that each of the claims asserted therein were adequately alleged so as not to be deemed futile. In making this decision, the Magistrate Judge reviewed the applicable case law and both parties' briefs extensively, identifying and discussing each of the claims set forth and providing the reasons for her findings as to why each stated a valid claim for relief. As SEPCO points out, an order rejecting a defendant's futility of amendment argument and granting a plaintiff leave to amend does not automatically preclude the Court from subsequently granting a

4

motion to dismiss the amended complaint; however, here, the Court agrees with the Magistrate Judge's reasoned opinion that at this stage in the proceedings, the Amended Complaint sufficiently alleges facts in support of the claims asserted therein that would plausibly entitle Plaintiff to relief.  Accordingly, Defendant's Motion to Dismiss (Rec. Doc. No. 53) is **DENIED.**

New Orleans, Louisiana, this 23rd day of March, 2011.

_____
UNITED STATES DISTRICT JUDGE